

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

S.O. individually and on behalf　　　　　　　　　　　　　　　PLAINTIFFS
of her minor son, B.O.

VS.　　　　　　　　　　　　　　　CIVIL ACTION NO 3:17-cv-383 DPJ-FKB

HINDS COUNTY SCHOOL DISTRICT,　　　　　　　　　　　　　DEFENDANTS
UNNAMED HINDS COUNTY SCHOOL
DISTRICT EMPLOYEE, in his individual and official capacities,
PRINCIPAL BEN LUNDY, in his individual and official capacities,
ASSISTANT PRINCIPAL, TOMMY BRUMFIELD, in his individual
and official capacities, Assistant Principal MICHELLE RAY, in her individual and
official capacities, TEACHER, SHANNON RANKIN, in her individual
and official capacities, Byram Police Department and its Officer Ricardo Montez Kincaid,
in his individual and official capacities.

### COMPLAINT
(Jury Trial Demanded)

**COMES NOW**, Plaintiff S.O., individually, and on behalf of her minor son B.O., by and through her attorney, Abby Robinson, and files this her Complaint against the Defendants, as follows:

### JURISDICTION AND VENUE

1. This suit is authorized and instituted pursuant to 42 U.S.C.§ 1983, the Unreasonable Search and Seizure Clause of the Fourth Amendment to the United States Constitution, and the Due Process Clause to the Fourteenth Amendment of the United States Constitution and Involuntary Servitude Clause to the Thirteenth Amendment of the United States Constitution. This Court has jurisdiction over the sate law claims pursuant to 28 U.S.C.§ 1367(a).

1

2. Venue is proper pursuant to 28 U.S.C.§ 1391(b)(1)(2). A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; a judicial district in which a substantial part of the events or omissions giving rise to the acts complained of by Plaintiff occurred in the Northern Division of Southern District of Mississippi.

3. Pursuant to Rule 8.1 of the Uniform Local Rules of the United States District Court of the Northern District of Mississippi, this Complaint abbreviates Plaintiffs' names, as well as the names of nonparty minors.

## PARTIES

4. Plaintiff, S.O. is an adult African-American female resident citizen of Hinds County, Mississippi brings this action individually and on behalf of her African American minor son, B.O. Plaintiff B.O., who was twelve years old at all times relevant to the facts of this case and at the time of the incident giving rise to this action lives with his mother in Byram, Mississippi. B.O. was a student in the seventh grade at Byram Middle School (hereinafter "BMS") is a minor African-American male resident citizen of Hinds County, Mississippi.

5. Defendant, Hinds County School District (hereinafter "HCSC"), is a school district operating in Mississippi under color of state law and is located in Hinds County, Mississippi. It may be served with process through its superintendent, Delesicia Martin or its assistant superintendent, William Sellers, located at 13192 Highway 18 West, Raymond, Mississippi 39154.

6. Defendant, Unnamed Hinds County School District Employee (hereinafter, "Unnamed HSCD Employee"), upon information and belief, is a custodian employee of Hinds County School District. He is sued in his individual and official capacities. He may be served with process in his official capacity through Superintendent Delesicia Martin at 13192 Highway 18 West, Raymond, Mississippi 39154.

7. Defendant, Ben Lundy, is the Principal at Byram Middle School and an employee of the Hinds County School District. He is sued in his individual and official capacities. He may be served in his official capacity through Superintendent Delesicia Martin at 13192 Highway 18 West, Raymond, Mississippi 39154, and in his individual capacity.

8. Defendant Tommy Broomfield, Assistant Principal, is the Assistant Principal at Byram Middle School and an employee of the Hinds County School District. He is sued in his individual and official capacities. He may be served in his official capacity through Superintendent Delesicia Martin at 13192 Highway 18 West, Raymond, Mississippi 39154, and in his individual capacity.

9. Defendant, Michelle Ray, Assistant Principal, in her individual and official capacities an assistant principal at Byram Middle School and an employee of the Hinds County School District. She is sued in her individual and official capacities. She may be served in her official capacity through Superintendent Delesicia Martin at 13192 Highway 18 West, Raymond, Mississippi 39154, and in his individual capacity.

10. Defendant, Shannon Rankin, Teacher, in her individual and official capacities, a teacher at Byram Middle School and an employee of the Hinds County School District. She is sued in her individual and official capacities. She may be served in her official capacity through Superintendent Delesicia Martin at13192 Highway 18 West, Raymond, Mississippi 39154, and in his individual capacity.

11. Defendant, Byram Police Department is a Mississippi Municipality and may be served with process of this Court by serving a copy of the Summons and Complaint upon Mayor Richard White. at 5901 Terry road, Byram Mississippi 39272.

12. Defendant, Ricardo Montez Kincaid, City of Byram Police Officer, is an employee of The City of Byram Police Department and may be served with process of this Court by serving a copy of the Summons and Complaint upon Mayor Richard White. at 5901 Terry road, Byram Mississippi 39272.

## STATEMENT OF FACTS

13. On or about April 4, 2017 while in social studies class, 5th period, minor student, B.O. was written up by teacher Shannon Rankin because she thought she saw the minor B.O. selling bite sized chocolate almond joy and skittles candies to other students. Upon reaction to the alleged candy sale, teacher, Shannon Rankin approached the minor, B.O. and accused him of selling bite size candy. However, at all relevant times of this cause of action, minor B.O. has denied selling

candy to fellow students. Instead, he contends that he was giving the chocolate candies to his classmates.

14. After questioned by teacher, Shannon Rankin, minor B.O. was sent to Assistant Principal, Tommy Brumfield's office. Upon arrival, minor B.O. was then interrogated regarding the alleged candy sale by Assistant Principal Brumfield, Assistant Principal Michelle Ray and duly sworn Police Officer, Ricardo Montez Kincaid, while Kincaid was fully dressed as a duly sworn police officer(including badge and gun).

15. Further, Officer Kincaid questioned minor B.O. without reading him his Miranda rights or without the the presence of B.O.'s mother.

16. Immediately following Officer Kincaid's interrogation, minor B.O.'s Fourth Amendment rights were violated when Assistant Principal Brumfield began a physical touching of minor B.O.'s body in his intimate places. Brumfield reached into the minor's front pockets causing the minor to feel like his penis was being touched. Thereafter, Principal Brumfield did not discover any candy nor money from the alleged candy sales nor was there any signs of candy protruding from minor B.O.'s pockets. As such, there existed no reasonable suspicion to ascertain that B.O. was hiding candy or money inside his pants pockets.

17. Additionally, Principal Ray further emptied B.O.'s book bag and saw six (6) calculators and she determined that three (3) of the six (6) calculators were property of HCSD.

18. Broomfield and Ray then asked why were there HCSD calculators in B.O.'s book bag, B.O. stated, "I helped Mr. Brown gather these calculators off the floor after he was fired by y'all."

19. Minor contends that he was one of Mr. Brown's math class helpers when it was time to hand out calculators to the students.

20. Also, sighted in the book bag was a small Coach purse, (belonging to B.O.'s aunt, April Johnson). She has signed an affidavit stating that not only did the small purse belong to her, but the actual book bag itself was a loaner from her to her nephew, minor, B.O.

21. Furthermore, minor B.O. contends that his mother, S.O. is a very involved parent, accordingly as a a homeroom parent, she often purchased classroom materials for Mr. Brown's classroom. One of the items she purchased was also calculators, such as the ones in question.

22. Moreover, minor B.O. contends that these same said calculators has been in his book bag going to and from school daily with him and for other students to use during math class, such as when a student checks out a library book, which travels often to and from a school.

23. Minor B.O. further contends that at all relevant times to this illegal search, duly sworn police officer Kincaid, watched, observed, looked upon and intimidated minor B.O. as he was being inappropriately touched in his penis area.

6

24. Additionally, upon belief and understanding, officer Kincaid saw the twelve year old minor being violated and did nothing.

25. Shockingly, minor B.O. was involuntarily forced to go and get the janitor to give him gloves so that he could dig in the garbage can and retrieve any candy that he allegedly threw in it. Attached is exhibit "A," a picture of the gloves that the minor was forced to wear to dig in the infested and germ-infested garbage can, along with a few almond joy bite size candy bars or wrappers and an opened bag of skittles candy.

26. Minor B.O. asserts that while forced to dig in the garbage can filled with garbage, he saw what appeared to be vomit or spit and unidentified objects that had the appearance of a syringe, of which he had to touch to reach one (1) wrapper.

27. Mother S.O. asserts that since that day, her son has been ill and contracted a severe fever and a major cough. Subsequently, his pediatrician diagnosed B.O. as having pneumonia due to mycoplasma pneumonia ("Exhibit B" attached).

28. Moreover, Mother S.O. was never contacted during this search and seizure that was initiated for alleged candy sales.

29. Mother S.O. did not find out how her son was treated until she picked him up at the end of the school day when B.O. appeared shaken up, teary-eyed, shocked, and afraid.

30. As a result of B.O.'s alleged candy sales and unreasonable search of his body in private and intimate areas, mother S.O. has removed B.O. from HCSD to homeschooling because he is emotionally distressed.

31. On or about April 5, 2017, minor B.O. and mother S.O. signed the back of a Hinds County School District office referral behavioral Analysis form ("Exhibit C"), where B.O. stated that he was giving candy away to classmates and thought he was "being a nice good person."

32. Thereafter, HCSD, finally sent both S.O. and B.O. a Due Process Hearing Letter dated April 13, 2017, but it's postmarked as April 14, 2017. (Exhibits "D" and "E")

33. This hearing was scheduled for a total 20 days after the initial suspension of April 4, 2017. (Exhibits "D" and "E").

34. During the Due Process Hearing on April 25, 2017, there was no evidence presented to support the search of minor B.O.'s body for candy or even money from the alleged candy sales.

## CLAIMS FOR RELIEF

## COUNT ONE: FOURTH AMENDMENT (42 U.S.C § 1983)

## SEARCH AND SEIZURE CLAUSE

35. Plaintiff repeats and re-alleges paragraphs 1 through 34 as set forth fully herein.

36. Defendants Hinds County School District, Unnamed Hinds County School District Employee, Assistant Principal Tommy Brumfield, Assistant Principal Michelle Ray, City of Bryram Police Department, and Police Officer Ricardo Montez Kincaid are liable to Plaintiff S.O. individually and on behalf of her minor son B.O. for violating his rights to be free from unreasonable search of his private body parts pursuant to 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution, as applied to the states by the Fourteenth Amendment to the United States Constitution by excessive intrusive search in light of the minor, B.O. age of twelve (12) and a male student as well as the simple nature of the infraction was, candy.

37. At all relevant times to this incident, no candy was visually present in the minor's pockets, therefore, reasonable suspicion was required for the defendant to justify touching the minor's body in the first place.

38. Defendant Hinds County School District and Assistant Principal Tommy Brumfield is liable to Plaintiffs pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment.

39. The actions of Defendants Unnamed Hinds County School District Employee, Assistant Principal Michelle Ray, Teacher Shannon Rainkin, City of Byram Police Department and Police Officer Richardo Montez Kincaid were threatening, callous, wanton, willful, malicious, intentional and showed reckless disregard for Plaintiff minor, B.O.'s Fourth Amendment rights.

## COUNT TWO: THIRTEENTH AMENDMENT (42 U.S.C § 1983)
## INVOLUNTARY SERVITUDE CLAUSE

40. Plaintiffs repeat and re-allege paragraphs 1 through 38, as if set forth fully herein.

41. Defendants Hinds County School District, Unnamed Hinds County School District Employee, Assistant principal Tommy Brumfield, and Assistant Principal Michelle Ray violated Plaintiff B.O. right to be free from involuntary and forced, inhuman, despicable and lewdness slavery of digging out of a virus filled garbage can when defendants directed the minor to go get gloves from the janitor and dig in the garbage can for candy wrappers against the minor's will. Defendants Hinds County School District, Unnamed Hinds County School District Employee, Assistant principal Tommy Broomfield, and Assistant Principal Michelle Ray is liable to Plaintiff pursuant to 42 U.S.C.§ 1983 and the Thirteenth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment to the United States Constitution.

42. The actions of the Defendants Hinds County School District, Unnamed Hinds County School District Employee, Assistant principal Tommy Broomfield, and Assistant Principal Michelle Ray were threatening, callous, wanton, willful, malicious, intentional and showed reckless disregard for a Plaintiff minor, B.O. Thirteenth Amendment rights.

## COUNT THREE: FOURTEENTH AMENDMENT(42 U.S.C § 1983)
## DUE PROCESS CLAUSE

43. Plaintiff repeats and re-alleges paragraphs 1 through 42 as if set forth fully herein.

44. Defendants Hinds County School District, Unnamed Hinds County School District Employee, Assistant Principal Tommy Broomfield, Assistant Principal Michelle Ray, City of Byram Police Department, and Police Officer Ricardo Montez Kincaid are liable to Plaintiff S.O. individually and on behalf of her minor son B.O. for violating his rights of expectation of privacy without the presence of his mother was inherent of minor B.O. account of it as embarrassing, frightening, and humiliating.

45. The reasonableness of plaintiff's expectation of his mother being present during the body touching of the search, is indicated by the consistent experience of other young people similarly searched, whose adolescent vulnerability intensifies the patent intrusiveness of the exposure.

46. Plaintiffs' right to due process under law guaranteed by the Fourteenth Amendment to the United States Constitution by enforcing an unreasonable search on the minor's body without the mother's consent is unconstitutional and unjustified under the Fourteenth Amendment to the United States Constitution. Defendant is liable to Plaintiff pursuant to 42 U.S.C.§ 1983 and the Fourteenth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, due process clause to the United States Constitution.

47. The actions of Defendants Unnamed Hinds County School District Employee, Assistant Principal Michelle Ray, Teacher Shannon Rainkin, City of Byram Police Department and Police Officer Richardo Montez Kincaid were threatening, callous, wanton, willful, malicious, intentional and showed reckless disregard for a Plaintiff minor, B.O. Fourth Amendment rights.

## COUNT FOUR: ASSAULT
### 28 U.S.C. § 1367 (a)

48. Plaintiff incorporates paragraphs 1 through 47 herein by reference.

49. Plaintiff repeats and re-alleges paragraphs 1 through 45 as if set forth fully herein

50. Defendants Hinds County School District and Assistant principal Tommy Broomfield are liable for committing an assault on Plaintiff B.O. when feeling intimate private areas on his body pursuant to Restatement (of Torts Second) § 21 (1965) the intentional tort of assault occurs where a person (1) acts intending to cause a harmful or offensive contact with the person of the

other or a third person, or an imminent apprehension of such contact, and (2) the other is thereby put in such imminent apprehension.

51. Defendants Hinds County School District and Assistant principal Tommy Brumfield are liable for the unlawful touching of Plaintiff minor, B.O. pursuant to Restatement (of Torts Second) § 21 (1965).

52. The actions of Defendants Hinds County School District and Assistant Principal Tommy Brumfield were threatening, callous, wanton, willful, malicious, intentional and showed reckless disregard for a Plaintiff minor.

## **COUNT FIVE: NEGLIGENT HIRING**

### **28 U.S.C. § 1367 (a)**

53. Defendants Hinds County School District and Principal Lundy are liable Defendants Hinds County School District and Assistant principal Tommy Brumfield are liable for the unlawful touching of Plaintiff minor, B.O. pursuant to Restatement (of Torts Second) § 21 (1965). for negligent supervision of Assistant Principals Michelle Ray and Tommy Brumfield.

54. Additionally, Hinds County School District is negligent in the failure to provide to its employees and parents a written policy on touching students in private areas.

## DAMAGES

55. The actions of Defendants Hinds County School District and Assistant Principal Tommy Brumfield were threatening, callous, wanton, willful, malicious, intentional and showed reckless disregard for a Plaintiff minor.

56. As a consequence of the foregoing misconduct of the defendants, Plaintiffs S.O. and B.O. sustained pain and suffering, physical injury, excessive mental distress, depression, insomnia, shock, fright, embarrassment, and humiliation as a result of the violation of their constitutionally protected and other legal rights.

57. As a consequence of the foregoing misconduct of the Defendants, Plaintiff, S.O. and B.O. has been damaged in an amount exceeding the jurisdictional requirements of this Court.

## RELIEF

58. WHEREFORE, the Plaintiffs respectfully pray for the following relief:

1. Enter declaratory relief declaring that the Defendants engaged in conduct that was inappropriate for the age, sex and nature of the circumstances thereby violating the Plaintiffs rights;

2. Enter an Order ending the Defendants from engaging in assault, involuntary servitude, and unreasonable search and seizures;

3. Compensatory damages, to be determined by a jury, against all Defendants;

4. Punitive damages against all the Defendants in their individual capacities;

5. Expungement of all enforcement, academic, or discipline records of the minor's records as it relates to this incident;

6. Such injunctive relief as the Court deems necessary and proper;

7. Reasonable attorneys' fees and cost under 42 U.S.C.§ 1988, including the fees and cost of experts that are incurred in prosecuting this action; and

8. Any other relief to which the plaintiff may be entitled.

**59. WHEREFORE PREMISES CONSIDERED,** Plaintiffs demand judgment against the Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with the costs and disbursement action, including attorneys' fees, plus interest, and for any other relief which this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this, the 19th of May, 2017.

S.O. on behalf of her minor son, B.O.

BY: _____
Abby Robinson (MSB#105157)
P.O. BOX 16353
Jackson, MS 39236
Phone (601) 321-9353
Fax (601-487-6326
arobinsonlawfirm@yahoo.com
**Attorney for Plaintiffs**