UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

S.O., INDIVIDUALLY AND ON BEHALF
OF HER MINOR SON, B.O.                                               PLAINTIFFS

V.                                          CIVIL ACTION NO. 3:17-CV-383-DPJ-KFB

HINDS COUNTY SCHOOL DISTRICT, ET AL.                                DEFENDANTS

ORDER

There are four motions pending in this § 1983 case:  Defendants filed three separate

Motions to Dismiss [10, 18, 20], each raising arguments as to why particular claims should be

dismissed as to certain defendants, and Plaintiffs moved to amend their complaint [50].  For the

reasons that follow, Defendant Hinds County School District's motion to dismiss [18] is granted

in part; Defendants Ben Lundy, Tommy Brumfield, Michelle Ray, and Shannon Rankin's motion

to dismiss [20] is granted in part; Defendants Byram Police Department and Officer Ricardo

Montez Kincaid's motion to dismiss [10] is denied; and Plaintiffs' motion to amend [50] is

denied.

I.      Background

Plaintiffs are suing Defendants due to alleged conduct that occurred during a disciplinary

action at Byram Middle School.  Plaintiffs' Amended Complaint [3] alleges that, on April 4,

2017, Defendant Shannon Rankin, a social-studies teacher, accused Plaintiff B.O., a seventh-

grade student, of selling candy bars during class and directed him to go to the assistant

principal's office.  Once there, Defendant Tommy Brumfield, an assistant principal, proceeded to

pat-down and empty B.O.'s pockets in search of evidence pertaining to the candy-bar sales but

found nothing.  During this pat-down, B.O. alleges that he felt his penis being touched.

When Brumfield found nothing in B.O.'s pockets, Defendant Michelle Ray, another assistant principal, emptied B.O.'s school bag and found various items, including a purse and three Hinds County School District ("HCSD") calculators. B.O. claims that his math teacher authorized him to carry these calculators and that the purse belonged to his aunt.

After these searches, B.O. says he was forced to dig in a trash can to search for any candy wrappers that were thrown away during his trip to the assistant principal's office. B.O. alleges that all of this occurred in the presence of Defendant Officer Ricardo Montez Kincaid, an officer with the Byram Police Department.

Based on these events, S.O. filed this suit individually and on behalf of her minor son B.O. They assert claims under § 1983 for violating the Fourth, Thirteenth, and Fourteenth Amendments as well as various state-law causes of action. Defendants, who were sued in their individual and official capacities, have since filed multiple motions to dismiss [10, 18, 20] that identify purported deficiencies in Plaintiffs' Amended Complaint. Having been fully briefed, the Court is ready to rule on these motions and otherwise clean up the docket.

II.     Motions

    A.     Hinds County School District's Motion to Dismiss

Plaintiffs say Defendant HCSD is liable under § 1983 and state law because its employees violated B.O.'s constitutional rights and otherwise assaulted him. HCSD raises two issues in its motion to dismiss [18]. First, HCSD says that Plaintiffs' Amended Complaint should be dismissed because it is unsigned. Second, HCSD contends that the Court cannot hear

Plaintiffs' state-law claims because Plaintiffs failed to comply with the Mississippi Tort Claims Act's ("MTCA") notice provisions.  *See* Miss. Code Ann. § 11-46-11.[1]

First, in regards to the unsigned Amended Complaint, Plaintiffs filed a signed version of the signature page on June 26, 2017.  *See* Attachment [15].  While this entry is dated 35 days after Plaintiffs filed the Amended Complaint, the Court finds that Plaintiffs cured the defect and HCSD was not prejudiced.  Therefore, the Court will focus on HCSD's second argument.

There is no dispute that Plaintiffs failed to give HCSD notice of their state-law claims. Under the MTCA, a plaintiff wishing to bring a tort claim against a government entity must provide written notice of the claim "at least ninety (90) days before instituting suit."  Miss. Code Ann. § 11-46-11(1).  This pre-suit-notice requirement is jurisdictional and "imposes a condition precedent to the right to maintain an action."  *Bunton v. King*, 995 So. 2d 694, 695 (Miss. 2008) (quoting *Miss. Dep't of Pub. Safety v. Stringer*, 748 So. 2d 662, 665 (Miss. 1999)).  But Plaintiffs hope to evade the notice requirement by arguing that the Court has original jurisdiction over their § 1983 claims and may exercise supplemental jurisdiction over the tort claims.  *See* Pls.' Mem. [29] at 4 (citing 28 U.S.C. § 1367(a)).  Thus, they seem to suggest that no notice was required.

Plaintiffs offer no authority for this argument, and it is not persuasive.  Bringing federal and state-law causes of action in the same federal suit may create supplemental jurisdiction under § 1367(a), but it does not circumvent conditions precedent to a state's consent to such suits.  *Cf. Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002) ("[W]e cannot read § 1367(a) to authorize district courts to exercise jurisdiction over claims against nonconsenting States, even though nothing in the statute expressly excludes such claims.  Thus, consistent with [*Blatchford*

---

[1] HCSD also contested service of process, but Plaintiffs later remedied that defect as to this Defendant.  *See* HCSD Reply [32] at 2.

*v. Native Village of Noatak*, 501 U.S. 775 (1991)], we hold that § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants."); *see also Montgomery v. Mississippi*, 498 F. Supp. 2d 892, 905 (S.D. Miss. 2007) (refusing to hear plaintiff's state-law claims brought with federal claims under § 1367 and concluding that "[b]ecause [plaintiff] failed to provide any notice whatsoever, the Court finds that all state law tort claims for 'wrongful demotion' are procedurally barred due to his failure to comply with the notice provisions of the MTCA"). As such, Plaintiffs' failure to provide statutory notice is fatal to their state-law causes of action against HCSD. HCSD's Motion to Dismiss [18] is granted in part as to Plaintiffs' state-law claims.

B.    Defendants Brumfield, Lundy, Ray, and Rankin's Motion to Dismiss

These defendants raise two issues: (1) that service of process was never perfected; and (2) that Plaintiffs failed to give notice under the MTCA. The first argument seems moot, and the second is at least partially correct.

Starting with service of process, Plaintiffs' initial attempts to serve these Defendants individually failed to comply with Federal Rule of Civil Procedure 4(e). But Plaintiffs have since taken another stab at it, and this time they appear to have complied with the rules. *See* Summons Returns [43–49]. Because these subsequent attempts occurred within 90 days of filing the Amended Complaint, the issue appears to be moot.[2]

As for MTCA notice, Plaintiffs bring state-law claims against Defendants Brumfield and Lundy in their individual and official capacities. *See* Am. Compl. [3] at 12–13. Yet, as with

---

[2] All of this occurred after the parties completed briefing, so the Court has some concern that Defendants may have issues regarding the most recent attempts. That said, ineffective service of process may be waived, and these new returns were docketed at the latest on August 15, 2017. So far, there have been no objections.

HCSD, there is no dispute in the record that Plaintiffs never provided notice of their intent to bring these claims. Defendants therefore assert that "this Court lacks personal jurisdiction over same." Defs.' Mem. [21] at 2. But Defendants fail to elaborate or explain whether their argument relates to the official and/or individual-capacity claims against Brumfield and Lundy.

In *Johnson v. City of Shelby, Mississippi*, the Fifth Circuit summarized the MTCA notice requirements as they apply to individual state employees:

> This "notice requirement applies to suit brought against an employee, acting in his official capacity." *McGehee v. DePoyster*, 708 So. 2d 77, 79 (Miss. 1998). Moreover, "an action against a government employee in his individual capacity may be subject to notice of claim requirements if the act complained of occurred within the scope and course of his employment." *Id.* at 80. The MTCA, however, does not "requir[e] notice to . . . government authorities of suit brought against [them] individually for acts outside of the scope of [their] employment." *Id.* at 81.

743 F.3d 59, 63 (5th Cir. 2013), *rev'd on other grounds*, 135 S. Ct. 346 (2014) (alternations in original).

Under these standards, the official-capacity state-law claims are dismissed. But the individual-capacity claims are trickier to address without relevant argument from the parties. The Court therefore denies that portion of the motion [20] without prejudice.[3]

C.      Defendants Byram Police Department and Officer Kincaid's Motion to Dismiss

These Defendants say that Plaintiffs' claims should be dismissed for failure to provide MTCA notice and failure to perfect service of process as to the Byram Police Department.

First, regarding the MTCA-notice issue, Defendants assert that the lack of notice destroys the Court's "jurisdiction to hear the claims against" them. Defs.' Mem. [11] at 2. But the only

---

[3] Of course any individual-capacity claims regarding acts taken within the course and scope of employment would be barred under Mississippi Code section 11-46-7. That issue is not before the Court at this time.

claims against these Defendants arise under § 1983, so there are no state-law claims for which

MTCA notice would be required. *See Felder v. Casey*, 487 U.S. 131, 153 (1988) (holding that

failure to comply with pre-suit-notice requirement under state law could not bar action under

§ 1983). Defendants' notice argument lacks merit.

Second, Plaintiffs have since cured the service-of-process defect as to the Byram Police

Department. Five days after these defendants filed their motion to dismiss, Plaintiffs effected

service upon the City of Byram's municipal clerk. *See* Pls.' Mem. [17] at 3. Defendants filed no

reply challenging this portion of Plaintiffs' response, and for these reasons, their Motion to

Dismiss [10] is denied.

### D. Motion to Amend

Plaintiffs filed a motion to amend their Amended Complaint on August 28, 2017.

Plaintiffs' motion is defective, however, since Plaintiffs did not attach a proposed amended

pleading as an exhibit. *See* L.U. Civ. R. 15. ("If leave of court is required under Rule 15, a

proposed amended pleading must be an exhibit to a motion for leave to file the pleading, and, if

the motion is granted, the movant must file the amended pleading as a separately docketed item

within seven (7) days from entry of the order granting the motion."). Therefore, the Court denies

Plaintiffs' motion to amend [50].[4]

## VI. Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed do

not change the outcome. For the foregoing reasons, first, the Court grants Defendant HCSD's

Motion to Dismiss [18] solely as to the state-law claims. Second, the Court grants Defendants'

---

[4] The Court is also concerned that Plaintiffs' proposed amendment is futile as it seeks to add
state-law claims against Defendants Byram Police Department and Officer Kincaid. The Court
would not have jurisdiction over these claims if Plaintiffs failed to give notice under the MTCA.

Motion to Dismiss [20] solely as to the state-law claims asserted against Defendants Brumfield and Lundy in their official capacities.  Third, the Court denies Defendants' Motion to Dismiss [10].  Finally, the Court denies Plaintiffs' Motion to Amend Complaint [50].

The Court also orders that the stay entered on August 28, 2017, by United States Magistrate Judge F. Keith Ball be lifted, and proceedings may continue consistent with these holdings.

Finally, the parties are directed to contact Judge Ball's chambers within ten days of the entry of this Order to set the case for a case-management conference.

**SO ORDERED AND ADJUDGED** this the 18th day of October, 2017.

*s/ Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE